
IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | 4:97CR3019 |
| | ) | |
| v. | ) | |
| | ) | |
| TIMOTHY C. WASHINGTON, | ) | MEMORANDUM AND ORDER ON |
| | ) | DEFENDANT'S RULE 60(b) MOTION |
| Defendants. | ) | |
| | ) | |

On December 15, 2005, the defendant, Timothy C. Washington, filed a "Motion Pursuant to Federal Rules of Civil Procedure . . . 60(b)(4) and (6)." (Filing 219.) For the following reasons, I find that the defendant's motion must be dismissed.

### I. BACKGROUND

In a two-count indictment filed in this court on May 20, 1997, the defendant was charged with conspiring to distribute fifty grams or more of cocaine base in violation of 21 U.S.C. § 846 (Count I) and possessing with the intent to distribute five grams or more of cocaine base in violation of 21 U.S.C. § 841(a)(1) (Count II). (See filing 1.) A superceding indictment, which altered the dates of the alleged conspiracy and added the defendant's aliases, was filed on June 17, 1997. (See filing 19.) The defendant pleaded not guilty to the charges, (see filing 53), and a jury trial commenced on January 5, 1998, (see filing 54). On January 7, 1998, I declared a mistrial, (see filing 57), and the trial recommenced before a second jury on May 19, 1998, (see filing 80). At the conclusion of the trial, the jury found the defendant guilty on each count of the superceding indictment. (See filing 90.) On January 7, 1999, I sentenced the defendant to 360 months of imprisonment on each count, with the sentences to run concurrently. (See filings 119, 121.) I also sentenced the defendant to five years of supervised release and ordered that he pay a special assessment in the amount of $200.00. (See id.)

The defendant appealed, arguing that "a mistrial should neither have been sought nor granted because his counsel did not allow him to make that decision," and that "his re-trial was barred on double jeopardy grounds because the prosecutor intended to provoke his counsel into moving for a mistrial." United States v. Washington, 198 F.3d 721, 723 (8th Cir. 1999). The Eighth Circuit rejected the defendant's arguments and affirmed his conviction. See generally id.

On August 28, 2000, the defendant filed a motion pursuant to 28 U.S.C. § 2255. (See filing 144.) In this motion, the defendant argued that (1) the United States Supreme Court's decision in Apprendi v. New Jersey, 530 U.S. 466 (2000), rendered his sentence constitutionally infirm because the government "has failed to prove all required elements of the instant conviction beyond a reasonable doubt"; (2) Apprendi rendered 21 U.S.C. § 841 unconstitutional; (3) the defendant's trial counsel engaged in misconduct and was generally ineffective; and (4) trial counsel was ineffective in failing to interview and/or call witnesses on behalf of the defense. (See generally id.) Ultimately, each of these arguments was rejected. (See filings 148, 189.) The defendant did not appeal the denial of his § 2255 motion.

In 2004, the defendant applied for permission to file a second § 2255 motion. This application was denied by the Eighth Circuit on December 17, 2004. (See filing 216.)

On December 15, 2005, the defendant filed a document entitled, "Motion Pursuant to Federal Rules of Civil Procedure Rule 60(b)(4) and (6)." (Filing 219.) My analysis of this motion follows.

## II.   ANALYSIS

The Eighth Circuit has stated,

> In order to establish a uniform procedure throughout the Circuit, we encourage district courts, in dealing with purported Rule 60(b) motions following the dismissal of habeas petitions, to employ a procedure whereby the district court files the purported Rule 60(b) motion and then conducts a brief initial inquiry to determine whether the allegations in the Rule 60(b) motion in fact amount to a second or successive collateral attack under either 28 U.S.C. § 2255 or § 2254. If the district court determines the Rule 60(b) motion is actually a second or successive habeas petition, the district court should dismiss it for failure to obtain authorization from the Court of Appeals or, in its discretion, may transfer the purported Rule 60(b) motion to the Court of Appeals. Depending on which

> course of action the district court chooses, the petitioner may either appeal the dismissal of the purported Rule 60(b) motion or, if the district court has elected to transfer the purported 60(b) motion to the Court of Appeals, await the action of the Court of Appeals.

Boyd v. United States, 304 F.3d 813, 814 (8th Cir. 2002) (per curium).  Here, the defendant has filed a "Rule 60(b)" motion following the denial of his § 2255 motion.  I shall therefore conduct a brief initial inquiry to determine whether the instant motion ought to be deemed a successive § 2255 motion.

The defendant's Rule 60(b) motion must be deemed a successive § 2255 motion if it raises "grounds identical to grounds heard and decided on the merits in [his] previous petition," Mathenia v. Delo, 99 F.3d 1476, 1480 (8th Cir. 1996) (quoting Sawyer v. Whitley, 505 U.S. 333, 338 (1992)), or if it "asserts new claims of error" in his conviction, Tyler v. Purkett, 413 F.3d 696, 700 (8th Cir. 2005) (citing Gonzalez v. Crosby, 125 S. Ct. 2641, 2647, 2648 n.4, 2651 (2005); United States v. Lambros, 404 F.3d 1034, 1036 (8th Cir. 2005)); see also United States v. Matlock, 107 F. App'x 697, 698 (8th Cir. 2004) (holding that if a Rule 60(b) motion raises issues that were raised or could have been raised in a previous § 2255 motion, the Rule 60(b) motion is a successive § 2255 motion); Ebeck v. United States, 205 F.3d 1345 (8th Cir. 1999) (unpublished table decision) ("A Rule 60(b) motion seeking relief from the denial of a § 2255 motion and raising claims of a postconviction relief nature . . . should be construed as a successive § 2255 motion.").[1]  Generally speaking, if the defendant is using Rule 60(b) as a means to collaterally

---

[1] In Gonzalez v. Crosby, 125 S. Ct. 2641, 2647 (2005), the Supreme Court held that a Rule 60(b) motion is a successive § 2254 motion if it advances a "claim," which is defined as a "federal basis for relief from a state court's judgment of conviction."  The Court explained that motions that "seek[] to add a new ground for relief" or "attack[] the federal court's previous resolution of a claim on the merits" raise "claims" and should be deemed successive habeas petitions; however, "when a Rule 60(b) motion attacks, not the substance of a federal court's resolution of a claim on the merits, but some defect in the integrity of the federal habeas proceedings," then it does not raise a "claim" and should not be deemed a successive habeas petition.  Id. at 2648 (emphasis omitted).  The Court also stated specifically that its holding concerned "only the extent to which Rule 60(b) applies to habeas proceedings under 28 U.S.C. § 2254," even though the provisions of § 2254 and § 2255 concerning second or successive motions are "similar."  Id. at 2646 n.3.  I find that the general principles articulated in Gonzalez are applicable in this case, compare 28 U.S.C. § 2254 Rule 11; Fed. R. Civ. P. 81(a)(2); and 28 U.S.C. § 2244(b)(1)-(3)) with 28 U.S.C. § 2255 Rule 12; Fed. R. Civ. P. 81(a)(2); and 28 U.S.C.

3

attack the judgment of conviction, his motion will be deemed a successive § 2255 motion. In contrast, if the defendant's motion attacks a defect in the integrity of the § 2255 proceedings, then it will not be deemed a successive § 2255 motion. See Green v. United States, No. CRIM.99-012601 CRWFJG, 2005 WL 2219795 (W.D. Mo. Sept. 13, 2005).

In his Rule 60(b) motion, the defendant argues that the "integrity of the court has come into question" because my review of the "issues in the 28 U.S.C. 2255 motion" was plainly erroneous. (See filing 219 at 6, 7.) The defendant then identifies two specific points of error. (See generally id.) I shall consider each of these alleged errors in turn to determine whether they in fact amount to successive collateral attacks under § 2255.

First, the defendant claims that "the court was without jurisdiction to enter judgment in this case, because the jury never made a finding of guilt based upon all elements required to find petitioner guilty beyond a reasonable doubt, because the court failed to instruct the jury that the 50 gram drug amount was part of the elements of the crime." (Filing 219 at 2; see also id. at 3-6.) This claim, which is based upon Apprendi, is similar to the claim that I rejected in the § 2255 proceedings. (See filing 148.) In his original § 2255 motion, the defendant argued that his sentence was unconstitutional in light of Apprendi. (See filing 144.) The argument raised in the defendant's Rule 60(b) motion is based upon the notion that I lacked jurisdiction to sentence the defendant in light of Apprendi. (See filing 219 at 2-6.) If the defendant's new claim is distinct from the claim raised in his original § 2255 motion, then it is clear that the new claim must be deemed a successive § 2255 claim. See Gonzalez v. Crosby, 125 S. Ct. 2641, 2648 (2005) (stating that "[a] motion that seeks to add a new ground for relief" should be treated as a successive habeas petition); Tyler v. Purkett, 413 F.3d 696, 700 (8th Cir. 2005) (same). Quite simply, a new claim attacking a sentence cannot proceed in the guise of a Rule 60(b) motion for relief from a § 2255 judgment because the new claim has no connection with the § 2255 judgment.

---

§ 2255 ¶ 8, and I note that these principles are consistent with the Eighth Circuit's holdings in cases involving § 2255 motions. See, e.g., Mathenia v. Delo, 99 F.3d 1476, 1480 (8th Cir. 1996); United States v. Matlock, 107 F. App'x 697, 698 (8th Cir. 2004); Ebeck v. United States, 205 F.3d 1345 (8th Cir. 1999) (unpublished table decision).

If, on the other hand, the Apprendi claims raised in the defendant's § 2255 motion and Rule 60(b) motion are essentially the same, then I must first determine whether the claim was rejected "on the merits" in the § 2255 proceedings. In this context, "on the merits" refers "to a determination that there exist or do not exist grounds entitling a petitioner to habeas corpus relief." Gonzalez v. Crosby, 125 S. Ct. 2641, 2648 n.4 (2005). If a claim has been addressed "on the merits" in a previous habeas proceeding, it will be deemed a successive habeas claim if it is reasserted in a Rule 60(b) motion. See Gonzalez, 125 S. Ct. at 2648 ("A [Rule 60(b) motion can also be said to bring a 'claim' if it attacks the federal court's previous resolution of a claim on the merits, since alleging that the court erred in denying habeas relief on the merits is effectively indistinguishable from alleging that the movant is, under the substantive provisions of the statutes, entitled to habeas relief." (Footnote omitted)); Mathenia v. Delo, 99 F.3d 1476, 1480 (8th Cir. 1996) ("The claims were successive because they raised 'grounds identical to grounds heard and decided on the merits in [his] previous petition.'" (quoting Sawyer v. Whitley, 505 U.S. 333, 338 (1992))). Here, however, it seems to me that the defendant's Apprendi argument was not resolved "on the merits" in the § 2255 proceedings. Indeed, in those proceedings I determined that although the defendant's sentence did violate the principles set forth in Apprendi, the defendant's claim was procedurally barred because he could not establish that he was prejudiced by this violation. (See filing 148 at 5-8.) In other words, my prior ruling did not resolve the defendant's claim on the merits, but precluded a merits determination. See Gonzalez, 125 S. Ct. at 2648 n.4 (indicating that a denial based upon procedural default is not a merits determination, but is a ruling that precludes a merits determination).

Even though my ruling in the § 2255 proceedings did not resolve the defendant's Apprendi claim on the merits, the claim asserted in the Rule 60(b) motion must nevertheless be deemed a successive § 2255 claim. This is so because the defendant's Rule 60(b) claim does not "merely assert[] that a previous ruling which precluded a merits determination was in error." Gonzalez, 125 S. Ct. at 2648 n.4 (emphasis added). On the contrary, the defendant's motion utterly fails to address the prior ruling that the Apprendi argument was procedurally barred, but instead reasserts the claim that the defendant's sentence was imposed in violation of Apprendi. Since the defendant's claim merely asserts grounds entitling him to habeas relief without

5

challenging my prior ruling that he is procedurally barred from raising those grounds, I find that the claim is in fact a successive § 2255 claim that has merely been cloaked in the guise of a Rule 60(b) motion.

The second claim raised in the defendant's Rule 60(b) motion alleges that the defendant's sentence was improperly enhanced based upon his "leadership role" in the conspiracy and his prior convictions. (See filing 219 at 6-7.) This claim is new; it was not raised in the prior § 2255 proceedings. As I noted above, a motion that seeks to raise a new ground for attacking a sentence is to be treated as a successive habeas petition. See Gonzalez v. Crosby, 125 S. Ct. 2641, 2648 (2005) (stating that "[a] motion that seeks to add a new ground for relief" should be treated as a successive habeas petition); Tyler v. Purkett, 413 F.3d 696, 700 (8th Cir. 2005) (same). I therefore find that the claim must be construed as a successive § 2255 claim.

In sum, the allegations in the defendant's Rule 60(b) motion are in fact collateral attacks upon the defendant's sentence. Each of the defendant's arguments was raised, or could have been raised, in a previous § 2255 motion. See, e.g., United States v. Matlock, 107 F. App'x 697, 698 (8th Cir. 2004); Ebeck v. United States, 205 F.3d 1345 (8th Cir. 1999) (unpublished table decision). I must therefore treat the defendant's Rule 60(b) motion as a § 2255 motion. Since the defendant has previously filed a § 2255 motion, I cannot consider his arguments until he obtains the appropriate certification from the Eighth Circuit Court of Appeals. See 28 U.S.C. § 2255 ¶ 8. Therefore, I shall dismiss the defendant's motion. See Boyd v. United States, 304 F.3d 813, 814 (8th Cir. 2002) (per curium).

**IT IS ORDERED** that the defendant's "Motion Pursuant to Federal Rules of Civil Procedure Rule 60(b)(4) and (6)," filing 219, is dismissed.

Dated January 4, 2006.

BY THE COURT

s/ Warren K. Urbom
United States Senior District Judge