IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | 4:97CR3019 |
| | ) | |
| v. | ) | |
| | ) | |
| TIMOTHY C. WASHINGTON, | ) | MEMORANDUM AND ORDER ON |
| | ) | DEFENDANT'S MOTION FOR |
| Defendants. | ) | RECONSIDERATION |
| | ) | |

On January 30, 2006, the defendant, Timothy C. Washington, filed a "Motion for Reconsideration," (filing 221), and a "Notice of Appeal," (filing 222). The defendant's motion for reconsideration will be denied, but the defendant will be allowed to proceed on appeal in forma pauperis.

### I.  BACKGROUND

Much of the relevant background is summarized in the Memorandum and Order on Defendant's Rule 60(b) Motion, (filing 220), and need not be repeated here. On December 15, 2005, the defendant filed a "Motion Pursuant to Federal Rules of Civil Procedure . . . 60(b)(4) and (6)." (Filing 219.) I conducted "a brief initial inquiry to determine whether the allegations in the Rule 60(b) motion in fact amount to a second or successive collateral attack under . . . 28 U.S.C. § 2255," (Mem. and Order on Def.'s Rule 60(b) Mot., filing 220, at 2 (quoting Boyd v. United States, 304 F.3d 813, 814 (8th Cir. 2002) (per curium))), and I concluded that the defendant's Rule 60(b) motion was indeed a second or successive § 2255 motion, (see generally id.) The defendant asks that I reconsider that conclusion, (see filing 221), and, at the same time, he has filed a notice of appeal of my dismissal of his Rule 60(b) motion, (see filing 222).

1

## II.  ANALYSIS

### A.

The defendant does not dispute that Rule 60(b) may not be used as a means to circumvent the certification requirements for filing second or successive § 2255 motions. See Boyd v. United States, 304 F.3d 813, 814 (8th Cir. 2002) (per curium); 28 U.S.C. § 2255 ¶ 8. However, he argues that my determination that his Rule 60(b) motion amounted to a second or successive § 2255 motion is erroneous. His argument is based mainly upon the assertion that "his Rule 60(b) motion only argues that the court's integrity has to be in question in light of its own [admission] that it ruled contrary to Supreme Court Law" when it "denied relief of Apprendi issues in petitioner's § 2255 motion." (Filing 221 at 1.) While I agree that a defendant who has previously filed a motion pursuant to 28 U.S.C. § 2255 may be able to use Rule 60(b) to challenge defects in the integrity of the § 2255 proceedings, (see Mem. and Order on Def.'s Rule 60(b) Mot., filing 220, at 3-4), I am not persuaded that the defendant's Rule 60(b) actually performs that function.

The defendant's argument springs from a misreading of a memorandum that addressed his § 2255 motion. The following statement appears in the Memorandum on Defendant's Motion under 28 U.S.C. § 2255, filing 148, at page 5, and was referenced in the memorandum resolving the defendant's Rule 60(b) motion, filing 220, at page 5: "Thus, it appears to me that the defendant's 360-month concurrent sentences as to counts one and two exceeded the twenty-year statutory maximum prescribed in § 841(b)(1)(C), without reference to drug quantity, in violation of the constitutional principles outlined in [Apprendi v. New Jersey, 530 U.S. 466 (2000)] and [United States v. Aguayo-Delgado, 220 F.3d 926 (8th Cir. 2000)]." It seems that the defendant has taken this statement to mean that I have admitted that I denied his § 2255 motion in violation of Apprendi. However, as I have explained repeatedly, I ultimately concluded that the defendant's Apprendi claim was procedurally barred because the defendant could not establish that he was prejudiced by the Apprendi violation. (See Mem on Def.'s Mot. under 28 U.S.C. § 2255, filing 148, at 5-8; Mem. and Order on Def.'s Rule 60(b) Mot., filing 220, at 5.) Thus, there has been no "[admission] that [I] ruled contrary to Supreme Court Law" in the § 2255 proceedings. (Filing 221 at 1.) Perhaps more importantly, the defendant has not objected

to my determination that he was procedurally barred from raising his Apprendi claim in his § 2255 motion, even though I explained that such an objection might be the proper subject of a Rule 60(b) motion. (See Mem. and Order on Def.'s Rule 60(b) Mot., filing 220, at 5 (quoting Gonzalez v. Crosby, 125 S. Ct. 2641, 2648 n.4 (2005)).) In fact, the defendant now refuses to recognize that I determined that his Apprendi claim was procedurally barred. (See filing 221 at 2 ("The court incorrectly asserts that it procedually [sic] barred petitioner's Apprendi issues because the courts [sic] memorandum opinion order in petitioner's 2255 motion denial clearly states petitioner's Apprendi issues were without merit.").) Since the defendant has identified no defect in the integrity of the § 2255 proceedings, I see no reason to alter my conclusion that the defendant's Rule 60(b) Apprendi claim amounts to an attack upon his sentence "that has merely been cloaked in the guise of a Rule 60(b) motion." (See Mem. and Order on Def.'s Rule 60(b) Mot., filing 220, at 5-6.)

The defendant also argues, "The enhancements for the career criminal 851 and the leadership role [were] entered upon petitioner by the court illegally because the court acted without authority or jurisdiction." (See filing 221 at 3.) This is, on its face, a collateral attack upon the defendant's sentence, and for the reasons set forth in my memorandum and order denying the defendant's Rule 60(b) motion, I cannot consider his argument unless the defendant obtains the appropriate certification from the Eighth Circuit Court of Appeals. (See Mem. and Order on Def.'s Rule 60(b) Mot., filing 220, at 6.)

In sum, I remain convinced that the defendant's Rule 60(b) motion is in fact a successive collateral attack upon his sentence and that it must be dismissed due to the defendant's failure to obtain the requisite certification from the Eighth Circuit Court of Appeals. The defendant's motion for reconsideration must therefore be denied.

**B.**

The defendant seeks to appeal my dismissal of his Rule 60(b) motion. (See filing 222.)

The clerk has prepared a memo indicating that the defendant "may proceed on appeal in forma pauperis without further authorization unless the district judge certifies that the appeal is not taken in good faith or finds that the party is otherwise not entitled to proceed on appeal in forma pauperis." (Filing 223.) I shall make no such certification or findings, and the defendant is permitted to proceed on appeal in forma pauperis.

**IT IS ORDERED** that:

1. The defendant's "Motion for Reconsideration," filing 221, is denied; and
2. The defendant is permitted to proceed on appeal in forma pauperis.

Dated February 1, 2006.

                BY THE COURT

                s/ Warren K. Urbom
                United States Senior District Judge