IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiffs, | ) | 4:97CR3019 |
| | ) | |
| v. | ) | |
| | ) | |
| TIMOTHY C. WASHINGTON, | ) | MEMORANDUM AND ORDER ON |
| | ) | DEFENDANT'S MOTION TO MODIFY |
| Defendants. | ) | TERM OF IMPRISONMENT PURSUANT |
| | ) | TO 18 U.S.C. § 3582(C)(2) |

On March 5, 2007, the defendant, Timothy C. Washington, filed a "Motion to Modify Term of Imprisonment Pursuant to 18 U.S.C. § 3582(c)(2)." (Filing 233.) For the following reasons, I must deny the defendant's motion.

**I.   BACKGROUND**

In a two-count superceding indictment filed on June 17, 1997, the defendant was charged with conspiring to distribute cocaine base in violation of 21 U.S.C. § 846 (Count I) and possessing with the intent to distribute cocaine base in violation of 21 U.S.C. § 841(a)(1) (Count II). (See filing 19.) The defendant pleaded not guilty to the charges, (see filing 53), and a jury trial commenced on January 5, 1998, (see filing 54). On January 7, 1998, I declared a mistrial, (see filing 57), and the trial recommenced before second jury on May 19, 1998, (see filing 80). At the conclusion of the trial, the jury found the defendant guilty on both counts of the superceding indictment. (See filing 90.) On January 7, 1999, I sentenced the defendant to 360 months of imprisonment on each count, with the sentences to run concurrently. (See filings 119, 121.)  In addition, I sentenced the defendant to five years of supervised release and ordered that he pay a special assessment in the amount of $200.00. (See id.) The defendant's direct appeal of his conviction was unsuccessful, see generally United States v. Washington, 198 F.3d 721 (8th Cir. 1999), as were his challenges under 28 U.S.C. § 2255 and Federal Rule of Civil Procedure 60(b), (see filings 144, 148, 189, 216, 219, 220, 224, 232).

1

## II. STANDARD OF REVIEW

Section 3582(c) provides, in relevant part, as follows.

> The court may not modify a term of imprisonment once it has been imposed except that–
>
> . . . .
>
> (2) in the case of a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission pursuant to 28 U.S.C. [§] 994(o), upon motion of the defendant . . . the court may reduce the term of imprisonment, after considering the factors set forth in section 3553(a) to the extent that they are applicable, if such a reduction is consistent with applicable policy statements issued by the Sentencing Commission.

18 U.S.C. § 3582(c)(2). Thus, under this statute, "[f]avorable guidelines amendments may be used to reduce an earlier sentence if such a reduction is 'consistent with applicable policy statements issued by the Sentencing Commission.'" Delgado v. United States, 162 F.3d 981, 983 (8th Cir. 1998) (quoting 18 U.S.C. § 3582(c)(2)). The "applicable policy statement" appears in USSG § 1B1.10. See United States v. Hasan, 245 F.3d 682, 686 (8th Cir. 2001). That section states,

> Where a defendant is serving a term of imprisonment, and the guideline range applicable to that defendant has subsequently been lowered as a result of an amendment to the Guidelines Manual listed in subsection (c) below, a reduction in the defendant's term of imprisonment is authorized under 18 U.S.C. § 3582(c)(2). If none of the amendments listed in subsection (c) is applicable, a reduction in the defendant's term of imprisonment under 18 U.S.C. § 3582(c)(2) is not consistent with this policy statement and thus is not authorized.

USSG § 1B1.10(a). Therefore, if an amendment to the Guidelines is not listed in USSG § 1B1.10(c), that amendment cannot be applied retroactively to reduce a defendant's sentence.

If, however, a Guidelines amendment is listed in section 1B1.10(c), it does not follow that a defendant is entitled to a sentence reduction as a matter of right. Instead, the court must engage in a two-step inquiry to determine whether and to what extent a downward departure is warranted. See Hasan, 245 F.3d at 684-85; United States v. Wyatt, 115 F.3d 606, 609 (8th Cir. 1997).

> First, by substituting only the amended sentencing range for the originally determined sentencing range, and leaving all other previous factual decisions concerning particularized sentencing factors (e.g., role in the offense, obstruction

> of justice, victim adjustments, more than minimal planning, acceptance of responsibility, number of plants, etc.) intact, the district court must determine what sentence it would have imposed had the new sentencing range been the range at the time of the original sentencing. Second, having made the first determination, the district court must consider that determination together with the general sentencing considerations contained in section 3553(a) and, in the exercise of its thus informed discretion, decide whether or not to modify the original sentence previously imposed.

Wyatt, 115 F.3d at 609.

### III.  ANALYSIS

The defendant argues that his sentence must be reduced in light of Amendment 591 to the United States Sentencing Guidelines Manual. (See generally filing 233.) See also USSG App. C, Vol. II, amend. 591 (Nov. 1, 2003). Because Amendment 591 is listed in USSG § 1B1.10(c), it may be applied retroactively to reduce the defendant's sentence. I must therefore proceed to step one of the two-step analysis described in Hasan and Wyatt, which requires me to "leave all previous factual determinations intact . . . and simply determine 'what sentence [I] would have imposed had the retroactive amendment been in effect at the time the defendant was sentenced.'" United States v. Hasan, 245 F.3d 682, 684-85 (8th Cir. 2001) (quoting United States v. Wyatt, 115 F.3d 606, 608 (8th Cir. 1997)).

Amendment 591 altered USSG § 1B1.1(a); USSG § 1B1.2(a); the Commentary to USSG. § 1B1.2; the Commentary to USSG § 2D1.2; Appendix A to the Guidelines Manual, which contains the Statutory Index; and the Commentary to USSG § 2H1.1. See USSG App. C, Vol II at 28-30 (Nov. 1, 2003). The main purpose of the amendment was to "address[] a circuit conflict regarding whether the enhanced penalties in § 2D1.2 (Drug Offenses Occurring Near Protected Locations or Involving Underage or Pregnant Individuals) apply only in a case in which the defendant was convicted of an offense referenced to that guideline or, alternatively, in any case in which the defendant's relevant conduct included drug sales in a protected location or involving a protected individual." Id. at 29. "In promulgating [the] amendment, the Commission also was aware of case law that raises a similar issue regarding selection of a Chapter Two (Offense Conduct) guideline, different from that referenced in the Statutory Index (Appendix A), based on

3

factors other than the conduct charged in the offense of conviction." Id. at 30.

The defendant has not explained how Amendment 591 altered his sentence range, (see generally filing 233),[1] and a comparison of the relevant Guidelines provisions as they appeared both before and after the effective date of Amendment 591 demonstrates that the amendment would not have affected the computation of the sentence range in any way.

Amendment 591 did not alter the defendant's base offense level, which remains 34. Compare USSG § 2D1.1(a)(3), (c)(3) (1997) with USSG § 2D1.1(a)(3), (c)(3) (2006). Nor did it alter the "Aggravating Role" guideline that increased his offense level to 38. Compare USSG § 3B1.1(a) (1997) with USSG § 3B1.1(a) (2006). Although the "Acceptance of Responsibility" guideline has been amended since the defendant's sentencing, compare USSG § 3E1.1 (1997) with USSG § 3E1.1 (2006), it was not amended pursuant to Amendment 591, see USSG App. C, Vol. II, amend. 591 (Nov. 1, 2003); see also id. amend. 649. In addition, I note that the amendments to USSG § 3E1.1 do not favor an argument that the defendant is now entitled to an "acceptance of responsibility" adjustment. In short, if Amendment 591 had been in effect at the time of the defendant's sentencing, the defendant's total offense level would not have been different.[2]

Similarly, Amendment 591 did not affect the computation of the defendant's criminal history points or criminal history category. Quite simply, the amendment did not modify any of the relevant Guideline provisions. Compare USSG. §§ 4A1.1(a)-(c), (e); 4A1.2(c)(1), (d)(2)(A), (e)(2) (1997) with U.S.S.G. §§ 4A1.1(a)-(c), (e); 4A1.2(c)(1), (d)(2)(A), (e)(2) (2006). See also USSG App. C, Vol. II, amend. 591 (Nov. 1, 2003). As a result, the defendant's criminal history

---

[1] The plaintiff argues that the defendant's motion ought to be denied because the defendant has not explained the basis for his motion or supported his motion with "a contemporaneously filed brief." (See filing 235 at 1 & n.2 (quoting NECrimR. 12.3(b)(1)).) Although the plaintiff's arguments are well-taken, I shall proceed to analyze the merits of the defendant's claim that his sentence ought to be reduced in light of Amendment 591.

[2] I note parenthetically that I agree with the plaintiff's suggestion that, to the extent that the defendant means to argue that his offense level ought to be reduced pursuant to USSG § 2X1.1(b)(2), his argument is without merit. See USSG § 2X1.1(c) & comment. (n.1) (2006) (providing that USSG § 2D1.1, but not § 2X1.1, must be applied in drug conspiracy cases).

category would have been VI even if Amendment 591 had been in effect at the time of his sentencing.

In summary, Amendment 591 has not altered the offense level or criminal history computations that were used to determine the relevant sentencing range: The defendant's total offense level remains 38, and his criminal history category remains VI. Nor has Amendment 591 altered the applicable sentencing range of 360 months to life. Compare United States Sentencing Guidelines Manual ch. 5, pt. A, sentencing table (1997) with United States Sentencing Guidelines Manual ch. 5, pt. A, sentencing table (2006). Therefore, I find that if Amendment 591 had "been in effect at the time the defendant was sentenced," the defendant's sentence would not have been different. United States v. Hasan, 245 F.3d 682, 684-85 (8th Cir. 2001) (quoting United States v. Wyatt, 115 F.3d 606, 608 (8th Cir. 1997)). As a result, there is no need to proceed to step two of the analysis described in Hasan and Wyatt, and I must conclude that the defendant is not entitled to a modification of his sentence pursuant to 18 U.S.C. § 3582(c)(2).

**IT IS ORDERED** that the defendant's "Motion to Modify Term of Imprisonment Pursuant to 18 U.S.C. § 3582(c)(2)," filing 233, is denied.

Dated April 11, 2007.

                                  BY THE COURT

                                  s/ Warren K. Urbom
                                  United States Senior District Judge