IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | 4:97CR3019 |
| | ) | |
| Plaintiff, | ) | MEMORANDUM AND ORDER ON |
| | ) | DEFENDANT'S MOTION TO REDUCE |
| v. | ) | SENTENCE PURSUANT TO 18 U.S.C. § |
| | ) | 3582(c)(2) |
| TIMOTHY C. WASHINGTON, | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

On April 15, 2009, the defendant, Timothy C. Washington, filed a motion for a sentence reduction pursuant to 18 U.S.C. § 3582(c)(2). (See filing 254.) My analysis of this motion follows.

### I.   BACKGROUND

A two-count superceding indictment filed on June 17, 1997, charged the defendant with conspiring to distribute cocaine base ("crack cocaine") in violation of 21 U.S.C. § 846 (Count I) and possessing with the intent to distribute cocaine base in violation of 21 U.S.C. § 841(a)(1) (Count II). (See filing 19.) The defendant pleaded not guilty to the charges, (see filing 53), and a jury trial commenced on January 5, 1998, (see filing 54). On January 7, 1998, I declared a mistrial, (see filing 57), and the trial recommenced before a second jury on May 19, 1998, (see filing 80). At the conclusion of the trial, the jury found the defendant guilty on both counts of the superceding indictment. (See filing 90.)

The Presentence Investigation Report states that between 150 and 500 grams of cocaine base were attributed to the defendant. (See Presentence Investigation Report, filing 118, ¶ 49.) Given this quantity of drugs, the defendant's base offense level was determined to be 34. (See id.) A four-level enhancement for the defendant's role in the offense was then applied, which resulted in an adjusted offense level of 38. (See id. ¶¶ 52, 54.) In light of his prior convictions,

1

the defendant's criminal history category was determined to be VI.  (See id. ¶ 73.)  Also, the defendant was found to be a career offender under U.S.S.G. § 4B1.1  (See Presentence Investigation Report, filing 118, ¶ 57.)  The career offender designation was deemed "moot" by the probation officer, however, because the defendant's "offense level of 38 [was] greater than the enhanced offense level under U.S.S.G. § 4B1.1[(b)](A)," and "[h]is criminal history category [was] VI by virtue of his criminal convictions."  (Id.)  I note in passing that under the career offender guideline, the defendant's offense level would have been 37.  Based on a total offense level of 38 and a criminal history category of VI, the defendant's guideline imprisonment range was determined to be 360 months to life.  (Id. ¶ 97.)

On January 7, 1999, I sentenced the defendant to 360 months of imprisonment on each count, with the sentences to run concurrently.  (See filings 119, 121.)  In so doing, I noted that I "reviewed the Presentence Investigation Report" and adopted "the report and the facts set forth therein as [my] findings of fact for the purposes of sentencing."  (See filing 121 at 6.)  I also found that "the applicable guidelines" were a total offense level of 38, a criminal history category of VI, and an imprisonment range of 360 months to life.  (See id.)

## II.   ANALYSIS

The defendant has moved for a sentence reduction pursuant to 18 U.S.C. § 3582(c)(2) and Amendment 706 of the United States Sentencing Guidelines.  Amendment 706 reduced most of the base offense levels that apply to crack cocaine offenses.  See U.S.S.G. § 2D1.1(c).  Section 3582(c)(2) allows a court to reduce a defendant's term of imprisonment if it was "based on a sentencing range that has subsequently been lowered by the Sentencing Commission" and if the "reduction is consistent with applicable policy statements issued by the Sentencing Commission."  The "applicable policy statement" authorizes a sentence reduction based on Amendment 706 unless the amendment is not "applicable to the defendant" or "does not have the effect of lowering the defendant's applicable guideline range."  U.S.S.G. § 1B1.10(a)(2), (c).

The Eighth Circuit instructs district courts to engage in a two-step process to determine whether, and to what extent, a sentence reduction under § 3582(c) is warranted.  See United States v. Starks, 551 F.3d 839, 841 (8th Cir. 2009) (quoting United States v. Hasan, 245 F.3d

682, 684-85 (8th Cir. 2001) (en banc)); see also United States v. Wyatt, 115 F.3d 606, 609 (8th Cir. 1997). "First, the 'court must determine what sentence it would have imposed had the new sentencing range been the range at the time of the original sentencing.'" Starks, 551 F.3d at 841 (quoting Hasan, 245 F.3d at 684-85). "The court must leave all previous factual determinations intact at this point and simply determine 'what sentence it would have imposed had the retroactive amendment been in effect at the time the defendant was sentenced.'" Hasan, 245 F.3d at 685 (quoting Wyatt, 115 F.3d at 609). "Second, the court must 'decide whether to give the defendant the benefit of that particular reduced sentence,' considering 'the facts before it at the time of the resentencing, in light of the factors set forth in 18 U.S.C. § 3553(a), to the extent they are applicable.'" Starks, 551 F.3d at 941 (quoting Hasan, 245 F.3d at 685).

  The defendant's motion requires me to resolve, as part of my "step one" analysis, an issue that the Eighth Circuit has yet to address specifically. It is settled law in this circuit that a defendant who was originally sentenced under the career offender guideline is not eligible for a sentence reduction based on Amendment 706. See, e.g., United States v. Tingle, 524 F.3d 839 (8th Cir. 2008). This is so because Amendment 706 lowers the offense levels in U.S.S.G. § 2D.1.1(c) that relate to crack cocaine drug quantities, but does not affect the sentencing ranges or offense levels for career offenders under U.S.S.G. § 4B1.1(b). See Tingle, 524 F.3d at 840. In this case, I did find that the defendant was a career offender within the meaning § 4B1.1(a), but I used the defendant's § 2D1.1 offense level for the purposes of sentencing. (See filing 121 at 6.) See also U.S.S.G. § 4B1.1(b). Thus, the novel question presented in the instant case is whether a career offender whose guideline range was based on the drug quantity guideline (as opposed to the career offender guideline) is eligible for a sentence reduction under Amendment 706.

  It seems to me that, given the particular facts of this case, the defendant is not eligible for a sentence reduction. Amendment 706 does reduce the defendant's base offense level from 34 to 32 and his adjusted offense level from 38 to 36. However, I must apply the guidelines provisions in a specific order, see United States v. Tolliver, No. 08-3229, 2009 WL 1919617 (8th Cir. July 7, 2009) (quoting United States v. Doe, 564 F.3d 305, 311 (3d Cir. 2009)), and the reduction of the defendant's offense level pursuant to Amendment 706 triggers the career offender guideline. As noted above, under the career offender guideline, the defendant's offense level would be 37.

See U.S.S.G. § 4B1.1(b).  See also 21 U.S.C. §§ 841(b)(1)(A), 846 (indicating that the offense statutory maximum applicable to Count I is life imprisonment).  Because the defendant's career offender offense level (i.e., 37) exceeds the offense level otherwise applicable in the wake of Amendment 706 (i.e., 36), the career offender offense level must be applied.  See U.S.S.G. § 4B1.1(b) ("[I]f the offense level for a career offender from the table in this subsection is greater than the offense level otherwise applicable, the offense level from the table in this subsection shall apply.").  A total offense level of 37, together with a criminal history category of VI, results in a guidelines range of 360 months to life.  See U.S.S.G. Ch. 5, Pt. A.  This is identical to the range that was applicable at the time of the defendant's original sentencing.

In summary, when I leave all previous factual determinations intact in order to determine the sentence that I would have imposed if Amendment 706 had been in place at the time of the defendant's sentencing, I find that the applicable guidelines range would have remained 360 months to life.  Because Amendment 706 does not lower the defendant's guidelines range, a sentence reduction would violate the policy statement set forth in U.S.S.G. § 1B1.10(a)(2).  See U.S.S.G. § 1B1.10, application note 1(A) ("[A] reduction in the defendant's term of imprisonment is not authorized under 18 U.S.C. 3582(c)(2) and is not consistent with this policy statement if . . . an amendment listed in subsection (c) is applicable to the defendant but the amendment does not have the effect of lowering the defendant's applicable guideline range because of the operation of another guideline . . . .").  Accordingly, I will deny the defendant's motion for a sentence reduction.[1]  The defendant's request for an evidentiary hearing will also be denied.

---

[1] I note parenthetically that, although the Eighth Circuit has yet to address the issue presented here, my analysis is consistent with unpublished decisions in three other circuits.  See United States v. Monroe, No. 08-16557, 2009 WL 1754631 (11th Cir. June 23, 2009) (unpublished opinion); United States v. Hopkins, No. 08-8157, 2009 WL 1090392 (4th Cir. April 23, 2009) (unpublished opinion); United States v. Robinson, No. 08-3306, 2009 WL 1067591 (10th Cir. April 22, 2009) (unpublished opinion).

**IT IS ORDERED** that the defendant's motion for a sentence reduction, filing 254, is denied.

Dated July 29, 2009.

BY THE COURT

s/ Warren K. Urbom
United States Senior District Judge