IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　　　　　　　Plaintiff,<br><br>vs.<br><br>TIMOTHY C. WASHINGTON, a/k/a TIMOTHY CHARLES WASHINGTON, a/k/a PERRION KEESEE WASHINGTON, a/k/a PERRION CHARLES WASHINGTON, a/k/a PRION C. WASHINGTON, a/k/a LESTER JACKMAN, a/k/a LESTER BABY FLY JACKMAN, a/k/a BABY FLY WASHINGTON, a/k/a TIM WASHINGTON, a/k/a TIMMY WASHINGTON, a/k/a TIMMY S. WASHINGTON, a/k/a TIMOTHY WASHINGTON,<br><br>　　　　　　　　Defendant. | 4:97-CR-3019<br><br>ORDER |

　　　This matter is before the Court on correspondence from the defendant asking the Clerk of the Court to provide him with a form to request a reduction of sentence pursuant to 18 U.S.C. § 3582 and the "two point reduction of the drug law," presumably U.S.S.G. Amend. 782. The defendant is advised that the Clerk of the Court does not have a form for applying for a reduction of sentence; accordingly, there is nothing to send. The appropriate practice is simply to file a motion setting forth the grounds for a reduction.

　　　The Court would judge the merits of any such motion upon its filing. However, the defendant is reminded—as should be well-known by now—that a retroactive adjustment of the Guidelines ranges for drug quantity does not affect those who were sentenced as career offenders. *See*, *United States v. Thomas*, 775 F.3d 982, 983 (8th Cir. 2014); *United States v. Williams*, 488 Fed. Appx. 168, 169 (8th Cir. 2012); *United States v. Washington*, 618 F.3d 869, 872 (8th Cir. 2010).

- 2 -

IT IS SO ORDERED.

Dated this 5th day of October, 2015.

BY THE COURT:

John M. Gerrard
United States District Judge