IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| UNITED STATES OF AMERICA, | |
|---|---|
| Plaintiff, | 4:97-CR-3019 |
| vs. | |
| TIMOTHY C. WASHINGTON, | ORDER |
| Defendant. | |

The defendant has filed a motion (filing 334) for reconsideration of the Court's order (filing 333) and amended judgment (filing 329) reducing his sentence on his May 22, 1998 convictions to time served. The Court will deny the defendant's motion.

It's apparent in retrospect that the parties, the probation office, and the Court did not have a "meeting of the minds" with respect to the legal effect of a "time served" sentence. The defendant's motion asks the Court to "clarify the record to show that his sentence was reduced to 262 months which he would have served by September 28, 2016." Filing 334 at 2. But, to the contrary, the Court understood—and *intended*—that a sentence of "time served" would still require the defendant to serve his 2012 sentence for the separate offense of assault with a deadly weapon. The Court's previous order (filing 333) would have been more clear on that point had the Court understood, at that time, that one or both of the parties were not operating under the same assumption.[1]

---

[1] The Court is aware that the retroactive sentencing worksheet, in recommending a sentence of "time served," projected a different release date. The Court adopted the worksheet as a matter of routine, because no one objected to it—but, as with the "adoption" of a presentence report in an ordinary sentencing, the Court adopted the probation office's *factual findings*,

Section § 404 of the First Step Act of 2018, Pub. L. No. 115-391, 132 Stat. 5194 (2018), reduced the sentencing range for crack cocaine offenses, and it's appropriate for the Court to reduce sentences for the defendant's *drug convictions* under that Act. But the defendant should still consecutively serve his sentence for a serious, separate, and relatively recent violent crime. And the First Step Act gives the Court that discretion. *See* § 404(c).[2] Accordingly,

IT IS ORDERED that the defendant's motion to reconsider (filing 334) is denied.

Dated this 29th day of April, 2019.

BY THE COURT:

John M. Gerrard
Chief United States District Judge

---

not the probation officer's recommendations as to the appropriate sentence. *Cf. United States v. Bledsoe*, 445 F.3d 1069, 1073 (8th Cir. 2006); *United States v. Moser*, 168 F.3d 1130, 1132 (8th Cir. 1999). While the probation officer's input is useful, the Court must always determine the sentence for itself. *See* 18 U.S.C. § 3553.

[2] The Court also notes that, while this is not a sentence reduction pursuant to 18 U.S.C. § 3582(c)(2), it is somewhat comparable—and in the context of § 3582(c)(2) reductions, the Sentencing Commission provides that "[i]n no event may the reduced term of imprisonment be less than the term of imprisonment the defendant has already served." U.S.S.G. § 1B1.10(b)(2)(C). While the Court is not bound by that provision here, it is persuasive.